RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 05a0028p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

MAURICE WHITING,

     *Petitioner-Appellee,*

  *v.*

SHERRY BURT, Warden,

     *Respondent-Appellant.*

No. 03-1894

_____

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 02-74359—Arthur J. Tarnow, District Judge.

Argued: June 9, 2004

Decided and Filed: January 19, 2005

Before: MARTIN and SUTTON, Circuit Judges; HOLSCHUH, District Judge.[*]

_____

## COUNSEL

**ARGUED:** Debra M. Gagliardi, OFFICE OF THE ATTORNEY GENERAL, Lansing, Michigan, for Appellant. James Sterling Lawrence, Detroit, Michigan, for Appellee. **ON BRIEF:** Raina I. Korbakis, OFFICE OF THE ATTORNEY GENERAL, Lansing, Michigan, for Appellant. James Sterling Lawrence, Detroit, Michigan, for Appellee.

_____

## OPINION

_____

  JOHN D. HOLSCHUH, District Judge. The District Court, pursuant to 28 U.S.C. § 2254, conditionally granted the Petition for a writ of habeas corpus of Maurice D. Whiting ("Petitioner" or "Defendant"), an inmate of the State Prison of Southern Michigan, the condition being that the State grant Petitioner a new appeal in the Michigan Court of Appeals and, if not done within the time specified by the District Court, Petitioner could apply for a writ ordering Sherry Burt, the warden of the prison ("Respondent") to release him. Respondent appealed, and the District Court denied Respondent's motion for a stay pending the appeal. Another panel of this Court granted

_____

[*]The Honorable John D. Holschuh, United States District Judge for the Southern District of Ohio, sitting by designation.

1

Respondent's motion for a stay pending the appeal and the parties' request for oral argument. For the reasons stated herein, we vacate the judgment of the District Court and remand the case for further proceedings.

The issues presented by this appeal require a detailed history of the proceedings in the Michigan state courts and the subsequent proceeding in the federal district court.

I.          *THE MICHIGAN STATE COURTS*

A.          *The Michigan Trial Court*

During his trial in the Detroit Recorder's Court[1] on charges of first-degree felony murder and armed robbery, Defendant was represented by a retained attorney, Lawrence E. Schultz. Upon being convicted of both charges in 1995, Defendant was sentenced to concurrent terms of life imprisonment. He appealed to the Michigan Court of Appeals in January 1996.

B.          *The Direct Appeal to the Michigan Court of Appeals*

In his direct appeal, Defendant was again represented by Attorney Lawrence E. Schultz. Mr. Schultz asserted just two claims on Defendant's behalf: (1) the trial court erred in its determination concerning the voluntariness and admissibility of Defendant's statement to the police; and (2) Defendant's convictions and sentences for both felony murder and armed robbery violated the prohibitions against double jeopardy. The Court of Appeals affirmed the trial court's decision concerning the admissibility of Defendant's statement to the police and, accordingly, affirmed his conviction of felony murder. The Court of Appeals, however, agreed that the convictions of both felony murder and the underlying felony of armed robbery violated the federal and state prohibitions against double jeopardy. The Court of Appeals therefore vacated the conviction and sentence for the underlying felony of armed robbery.

C.          *The Delayed Appeal to the Michigan Supreme Court*

In June 1997, Defendant filed a delayed application for leave to appeal to the Michigan Supreme Court. The leave to appeal was denied.

D.          *The Post-Appeal Proceedings in the Michigan Courts*

1.          *The Michigan Rules of Court*

Subchapter 6.500 of Chapter 6, Criminal Procedure, Michigan Rules of Court ("MCR"), entitled "Post Appeal Relief," establishes the procedure for post-appeal proceedings challenging criminal convictions.[2] The request for relief from judgment must set forth, in addition to other information, the grounds for the relief requested and, if the grounds for relief were not raised before, the reasons they were not raised. MCR 6.502(c)(12) and (14). The motion must be presented to the judge to whom the case was assigned at the time of the defendant's conviction. MCR 6.504(A). Appeals are by application to the Court of Appeals. MCR 6.509(A).

---

[1] At the time of Defendant's trial and conviction in 1995, the trial court was known as the Detroit Recorder's Court. In 1997, legislation was passed to dissolve the Detroit Recorder's Court and consolidate its operation under the newly-formed Third Circuit Court. As a result, proceedings in both state and federal courts refer to the trial court in this case as the Circuit Court.

[2] The 1989 Staff Comment states, "[t]he rules are similar in structure to the federal rules governing proceedings under 28 U.S.C. 2255, though there are a number of differences in substance and language."

The critical rule governing the granting of relief is MCR 6.508. It provides, in pertinent part:

**(D)     Entitlement to Relief.** The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion

\*     \*     \*

(3)     alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter unless the defendant demonstrates
(a)     good cause for failure to raise such grounds on appeal or in the prior motion, and
(b)     actual prejudice from the alleged irregularities that support the claim for relief. As used in this subrule, "actual prejudice" means that,
(i)     in a conviction following a trial, but for the alleged error, the defendant would have had a reasonably likely chance of acquittal;

\*     \*     \*

(iii)     in any case, the irregularity was so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand regardless of the outcome of the case. . . .

MCR 6.508(D)(3).[3]

### 2.     *The Michigan Trial Court*

Defendant commenced his post-conviction collateral proceedings on March 31, 1999, when he filed his motion for relief from judgment with the trial court. This time, Defendant was represented by a new attorney, Gerald M. Lorence. The following claims were made in support of the motion:

I.     The trial court committed reversible error in failing to give a cautionary instruction *sua sponte* on the accomplice testimony of witness James Wright.

II.     Prosecutor engaged in prosecutorial misconduct by vouching for the credibility of his own witness when he disclosed that one of the alleged co-perpetrators received a plea agreement with the understanding that he would offer truthful testimony at Defendant's trial.

---

[3]The 1989 Staff Comment to this subrule states, "[t]hese standards are based on several decisions of the United States Supreme Court. See *Wainwright v. Sykes*, 433 U.S. 72; 97 S. Ct. 2497; 53 L. Ed. 2d 594 (1977)(habeas corpus action by state prisoner); *United States v. Frady*, 456 U.S. 152; 102 S. Ct. 1584; 71 L. Ed. 2d 816 (1982)(under 28 U.S.C. 2255)."

III.    The prosecutor denied the Defendant a fair trial in cross examining the Defendant when he made reference to the fact that the Defendant had been in jail along with others on a prior occasion.

IV.    Defendant was denied effective assistance of counsel by virtue of his attorney's failure to request an accomplice instruction with respect to the testimony of witness James Wright who testified against the Defendant and had been given a plea agreement in exchange for his testimony, and by virtue of this attorney's failure to investigate and perfect a possible intoxication defense.

V.    The trial court gave incomplete supplemental instructions to the jury by reinstructing them on the principal offenses without mentioning the lesser included offenses or the concept of aiding and abetting.

JA at 111-12.

In Defendant's motion for relief from judgment, he stated:

Under MCR 6.508(D)(3)(a), there is good cause for not having raised these issues in a previous appeal. Specifically, Defendant was denied effective assistance of appellate counsel who failed to raise these issues. Ineffective assistance of counsel constitutes good cause for a delayed appeal. (See Brief in Support). It is also significant to note that failure to object to the reinstructions, and the failure to request the undisputed accomplice instructions were due to ineffective assistance of counsel. Since the same attorney represented the Defendant at the appellate levels, it is not surprising that the issues concerning ineffective assistance of counsel were not raised at that time.

JA at 112.

In his brief in support of this motion, Defendant set forth his arguments with respect to each of the alleged grounds for relief. With reference to the alleged denial of the effective assistance of trial counsel, Defendant pointed out that Michigan courts had adopted the two-part requirement for proving ineffective assistance of counsel as set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See People v. Pickens*, 446 Mich. 298, 521 N.W. 2d 797 (1994)*; People v. Stammer*, 179 Mich. App. 432, 446 N.W. 2d 312 (1989); *People v. Dalessandro*, 165 Mich. App. 569, 419 N.W. 2d 609 (1988). In *Strickland*, the Court held that in order to establish ineffective assistance of counsel, a defendant must prove that: (1) counsel's performance was deficient; and (2) such performance prejudiced the defense. *See* 466 U.S. at 687.

On January 5, 2001, the trial court denied Defendant's motion for relief from judgment. The court said:

The Defendant has the burden of proof of establishing entitlement to the relief requested. Cause and prejudice must also be shown as to why the issues presented were not raised on one of the Defendant's prior appeals. Most importantly, it must be shown in a conviction following a trial, but for the alleged error the Defendant would have

had a reasonably likely chance of acquittal. This burden has not been met. MCR 6.508.

Likewise it has not been shown that it would be manifestly unjust to allow the conviction to stand, nor has it been shown that any irregularity was so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand. MCR 6.508.

JA at 145-46.

The court nevertheless proceeded to consider the merits of the five allegations of error. It found no error in failing to *sua sponte* give an accomplice testimony instruction, no prosecutorial misconduct in allegedly vouching for the credibility of a state's witness, no error in the instructions given to the jury, and no error in failing to object to a comment about the defendant being in custody, a fact already known to the jury. With regard to the remaining allegation of ineffective assistance of counsel, the court stated:

The Defendant has met neither prong of the test set forth in the landmark cases of *Strickland v. Washington*, 466 U.S. 668 (1984), *People v. Pickens*, 446 Mich. 298 (1994). Failure to request an accomplice instruction doesn't amount to ineffective assistance of counsel nor does picking one strategy over another. It has long been established that reviewing courts will not find ineffective assistance in differences over tactics on what defenses and issues to raise, *People v. Stevenson*, 60 Mich. App. 6114 (1975).

JA at 147.

### 3.        *The Michigan Court of Appeals*

In January of 2002, Defendant filed in the Michigan Court of Appeals a delayed application for leave to appeal the denial of his motion for relief from judgment. On February 14, 2002, the Court of Appeals entered the following order:

The Court orders that the delayed application for leave to appeal is DENIED for failure to establish entitlement to relief under MCR 6.508.

JA at 228. Defendant then sought leave to appeal to the Michigan Supreme Court.

### 4.        *The Michigan Supreme Court*

On September 30, 2002, the Michigan Supreme Court entered the following order:

On order of the Court, the delayed application for leave to appeal from the February 14, 2002 decision of the Court of Appeals is considered, and it is DENIED, because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D).

JA at 229.

II.    *THE UNITED STATES DISTRICT COURT*

    A.    *The Petition for a Writ of Habeas Corpus*

On November 4, 2002, Petitioner filed in the United States District Court for the Eastern District of Michigan a *pro se* Petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. On April 1, 2003, Petitioner, now represented by another attorney, James S. Lawrence, filed an amended Petition listing the following grounds for relief:

> Issue 1.    Petitioner's statement to police was involuntary and inadmissible.
>
> Issue 2.    Petitioner was denied a fair trial by testimony and argument that a prosecution witness had an agreement with the prosecutor to testify truthfully.
>
> Issue 3.    Petitioner was denied the effective assistance of counsel by failure to investigate, prepare and advance a diminished capacity/criminal responsibility defense, and by failure to request a cautionary instruction regarding testimony by an alleged accomplice.
>
> Issue 4.    Petitioner was denied a fair trial where the trial judge reinstructed the jury with incomplete instructions that prejudiced the defense.
>
> Issue 5.    Petitioner was prejudiced by ineffective assistance of appellate counsel.

JA at 20.

The Petition noted that Issue 1 – the admissibility of Petitioner's statement to the police – had been determined adversely to Petitioner on direct appeal, and that Issue 5 – the alleged ineffectiveness of appellate counsel – was based on a failure to raise Issues 2, 3, and 4, as well as two issues of state law, on direct appeal.[4] Petitioner argued that the outcome of the appeal would have been different had appellate counsel raised these issues.

The brief in support of the Petition contained extensive arguments and legal citations with respect to each of the five listed issues. Of particular significance in this appeal is Issue 5, the alleged ineffectiveness of appellate counsel. While Petitioner admits that "appellate counsel did raise good issues," JA at 63, including the issue of the involuntary statement as set forth in Issue 1 in the habeas Petition, he argues that counsel's failure to raise the other issues on direct appeal provides the basis for the claim of alleged ineffectiveness of appellate counsel. With respect to these other issues, Petitioner noted, "[b]ecause raised [for the first time] in the Motion for Relief from Judgment, they were doomed to failure under the 'cause and prejudice' rules of MCR 6.508(D), unless ineffective assistance of appellate counsel were to be found." JA at 64.

---

[4]The Petition states, "Counsel failed to raise on appeal Issues II-V here, and also 2 issues of state law." JA at 16. Appellate counsel, however, obviously could not have raised Issue 5 on direct appeal. The two state law issues referred to were: (1) the failure of the trial court to give a cautionary instruction *sua sponte* on the accomplice testimony of a witness; and (2) the reference to Petitioner having been in jail. These alleged errors were the subjects of grounds I and III in Petitioner's motion for relief from judgment, but they were not included as issues in the habeas corpus Petition in federal court.

Petitioner argued that the two-prong requirement of *Strickland* had been met, *i.e.,* counsel's failure to raise the other issues in the state court of appeals constituted deficient performance, and there was a reasonable probability that, if appellate counsel had raised these issues, the outcome of the appeal would have been different. Petitioner also pointed out that because the attorney who represented him on direct appeal, Lawrence E. Schultz, had also represented him at trial, Mr. Schultz would not be expected to raise claims based on his own ineffectiveness. Petitioner contended that when the same attorney represents a defendant at trial and on direct appeal, there is an inherent conflict of interest and, under the standard set forth in *Cuyler v. Sullivan*, 446 U.S. 335 (1980), prejudice is presumed.

B.      *The Respondent's Answer in Opposition to the Petition*

Respondent argued the merits of the first issue, the admissibility of Petitioner's statement to the police, which had been decided adversely to Petitioner on direct appeal. Respondent claimed that Issues 2, 3, and 4 were procedurally defaulted because they were not raised on direct appeal, and the Michigan state courts had denied Petitioner relief under MCR 6.508(D). Recognizing that Petitioner was attempting to apply the cause and prejudice exception to the procedurally-defaulted claims on the basis of the alleged ineffectiveness of appellate counsel (Issue 5), Respondent argued that Petitioner had failed to satisfy the first prong of *Strickland*, *i.e.,* that the attorney's performance was deficient. Accordingly, Respondent contended, the procedurally-defaulted issues were not subject to review by the federal courts. Respondent, alternatively, argued that none of the allegedly defaulted claims was meritorious.

C.      *The Standard of Review by the District Court*

A federal court's review of a state court decision under 28 U.S.C. § 2254 is governed by the Antiterrorism & Effective Death Penalty Act ("AEDPA"), effective April 24, 1996.[5] The provisions of that Act relevant to the issues in this case are as follows:

> **(b)(1)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> **(A)** the applicant has exhausted the remedies available in the courts of the State; or
>
> **(B)(i)** there is an absence of available State corrective process; or
>
> **(ii)** circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> **(2)** An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> **(3)** A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement

---

[5] Although Petitioner's conviction predated the effective date of the AEDPA, his Petition was filed after that date and, therefore, the AEDPA applies. *See Williams v. Bagley*, 380 F.3d 932, 943 (6th Cir. 2004); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999).

unless the State, through counsel, expressly waives the requirement.

**(c)** An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

**(d)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

**(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

**(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(b),(c),(d).

> D.        *The Opinion and Order of the District Court*

On June 10, 2003, the District Court rendered its Opinion and Order conditionally granting the Petition for a writ of habeas corpus. The court, after recognizing the appropriate standard of review under the AEDPA, proceeded directly to Petitioner's fifth claim, the alleged ineffectiveness of appellate counsel and the alleged conflict of interest arising from the fact that Petitioner was represented on direct appeal by the same attorney who represented him at trial.

The court first, however, *sua sponte* questioned whether the claimed conflict of interest issue had been properly presented to the Michigan courts and, if not, whether Respondent had waived a possible procedural default, *i.e.*, the failure to exhaust state remedies, by failing to assert the procedural default as an affirmative defense in Respondent's Answer. The District Court's reasoning on these important preliminary questions was as follows:

> Although not specifically addressed by respondent in her answer, the Court briefly discusses whether petitioner's conflict of interest was properly exhausted with the Michigan courts. Although respondent failed to raise the exhaustion issue in her answer, this defense is not waived unless the State, through counsel, expressly waives the exhaustion requirement. *Benoit v. Bock*, 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3). Moreover, "considerations of comity and federalism" require this Court to raise the exhaustion issue *sua sponte*. *Id.*

> In the present case, petitioner's post-conviction counsel did not raise a separate ineffective assistance of appellate counsel claim in his motion for relief from judgment. However, post-conviction counsel argued ineffective assistance of appellate counsel to establish "cause", as required by M.C.R. 6.508(D)(3), to excuse petitioner's failure to raise his post-conviction claims in his appeal of right. As part of this argument, post-conviction counsel made one reference to the conflict of interest issue:

> "Since the same attorney represented Defendant at the appellate levels, it is not surprising that the issues concerning ineffective assistance of counsel were not raised at that time."

This reference is sufficient to fairly present this claim to the Michigan courts.

> As to any possible procedural default for failure to raise this issue in the first appeal;[6] this Court will not enforce any possible procedural default of the conflict of interest claim, because respondent failed to raise the defense of procedural default in her answer with respect to this specific claim. *Benoit v. Bock*, 237 F. Supp. 2d at 807. As the judge in *Benoit* indicated, with the exception of the exhaustion issue, "the Sixth Circuit strongly discourages the *sua sponte* invocation of procedural affirmative defenses that were not raised by the respondent." *Id.* (Citing to *Scott v. Collins*, 286 F.3d 923, 928-29 (6th Cir. 2002)). Thus, although the issue of exhaustion must be expressly waived by respondent, "the same is not true for the affirmative defense of procedural default." *Id.* Therefore, respondent's failure to raise the procedural default defense in this case can be considered an implicit waiver of that issue. *Benoit*, 237 F. Supp. 2d at 807.

JA at 233-34.

The District Court, having concluded that Petitioner's fifth claim, with its conflict of interest component, was properly before it, proceeded to address the merits of that claim. The court's discussion focused basically on Attorney Schultz's alleged conflict of interest. The District Court held:

> Defense attorneys owe their clients a duty of loyalty, including the duty to avoid conflicts of interest. *Strickland v. Washington*, 466 U.S. 668, 688 (1984)(*citing to Cuyler v. Sullivan*, 446 U.S. 335, 346 (1980)). However, a claim of a conflict of interest, by itself, is insufficient to justify reversal of a conviction. *Reedus v. Stegall*, 197 F. Supp. 2d 767, 782 (E.D. Mich. 2001)(*citing to United States v. Hall*, 200 F.3d 962, 966 (6th Cir. 2000); additional citations omitted). Instead, a habeas petitioner must demonstrate "that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'" *Reedus*, 197 F. Supp. 2d at 782 (*citing Strickland*, 466 U.S. at 692); *See also Mickens v. Taylor*, 122 S. Ct. 1237, 1244, n.5 (2002)(actual conflict of interest, for Sixth Amendment purposes, is a conflict of interest that adversely affects counsel's performance). However, a petitioner who can show that his counsel operated under a conflict of interest which affected his representation need not establish prejudice. *Cuyler v. Sullivan*, 466 U.S. at 349-50; *Tyler v. United States*, 78 F. Supp. 2d 626, 631-32 (E.D. Mich. 1999). Instead, prejudice is presumed, in connection with an ineffective assistance of counsel claim, where a defendant demonstrates actual conflicts of interest that compromise his or her attorney's ability to advocate his or her client's interests. *Olden v. United States*, 224 F.3d 561, 565 (6th Cir. 2000)(*citing to Strickland*, 466 U.S. at 692). The right to conflict-free counsel extends to defendants who seek appellate review of their convictions. *See e.g. Pisa v. Streeter*, 491 F. Supp. 530, 532-533 (D. Mass. 1980).

JA at 235-36.

---

[6]We believe the District Court's reference to the "first appeal" was to Defendant's motion for relief from judgment, because Defendant's first opportunity to claim ineffective assistance of appellate counsel was in that proceeding.

The District Court believed that appellate counsel's conflict of interest "prevented him from raising the ineffective assistance of trial counsel claims that are raised in petitioner's third claim," JA 236, and that "[i]n addition, petitioner has shown that this conflict of interest adversely affected appellate counsel's performance in that appellate counsel failed to raise several colorable ineffective assistance of trial counsel claims." JA 238. It is clear that the District Court based the finding of ineffective assistance of appellate counsel on a finding of a conflict of interest, and the application of the standard established in *Sullivan*, 446 U.S. 335, in which prejudice need not be established when petitioner can show that his counsel operated under a conflict of interest which adversely affected his representation.

Having found that Petitioner was deprived of the effective assistance of appellate counsel as alleged in the fifth claim, the District Court did not consider the merits of any of the other claims, including Petitioner's first claim concerning the admissibility of the allegedly involuntary statement to police, a claim which Attorney Schultz raised on direct appeal. Instead, the court ordered that a writ would be granted "if petitioner is not permitted to reinstate his appeal of right with the assistance of counsel in the Michigan Court of Appeals within one hundred and twenty (120) days from the date of this Opinion and Order." JA at 240.

III.     *THE ISSUES ON APPEAL*

There are five issues involved in this appeal:

1.     Whether the exhaustion requirement was satisfied by a fair presentment of Petitioner's conflict of interest issue to the state courts.

2.     If the issue was not fairly presented to the state courts, whether Petitioner can return to the state courts and, if not, has there been a procedural default.

3.     If there has been a procedural default, whether this defense was waived by Respondent in the District Court.

4.     If the defense of procedural default was waived by Respondent in the District Court, whether Respondent can now raise that defense in the Court of Appeals.

5.     If the Court of Appeals considers the merits of the claim of ineffective assistance of appellate counsel based on the alleged conflict of interest, did the District Court properly apply the *Sullivan* standard to that claim?

For the reasons discussed herein, we find that Petitioner's ineffective assistance of appellate counsel claim based on the alleged conflict of interest was fairly presented to the state courts. The exhaustion requirement is therefore satisfied, and, accordingly, it is not necessary to consider the procedural default and waiver issues (Issues 2, 3 and 4). We, therefore, consider on its merits the claim of ineffective assistance of appellate counsel based on an alleged conflict of interest. Because we find that the District Court improperly applied the *Sullivan* standard to this claim, we vacate the decision of the District Court and remand the case for further proceedings.

IV.     *DISCUSSION*

      A.          *Standard of Review*

As noted earlier, this case is governed by the standard of review set forth in the AEDPA, and this Court reviews *de novo* the District Court's legal conclusions.  We also review *de novo* the District Court's determination concerning Petitioner's ineffective assistance of counsel claim, a mixed question of law and fact.  *See Hicks v. Straub*, 377 F.3d 538, 551 (6th Cir. 2004)*(citing Lott v. Coyle*, 261 F.3d 594, 606 (6th Cir. 2001), *cert. denied*, 534 U.S. 1147 (2002)).

      B.          *Ineffective Assistance of Appellate Counsel Claim Based on Alleged Conflict of Interest*

          1. *The Exhaustion Requirement was Satisfied by a Fair Presentment of the Conflict of Interest Claim to the State Courts*

We cannot reach the merits of Petitioner's ineffective assistance of appellate counsel claim based on an alleged conflict of interest without first resolving the question of whether this constitutional claim was exhausted by fairly presenting it to the Michigan courts.

Long before the doctrine was codified in 28 U.S.C. § 2254(b)(1), it was firmly established that before a federal court may grant habeas relief to a state prisoner, the prisoner had to first exhaust his remedies in state court. *Ex parte Royall*, 117 U.S. 241 (1886).  Because state courts, like federal courts, are required to enforce federal law, including rights asserted under the Constitution, comity requires that the state courts should have the first opportunity to review the prisoner's federal claim and provide any necessary relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999)*(citing Rose v. Lundy*, 455 U.S. 509, 515-16 (1982); *Darr v. Burford*, 339 U.S. 200, 204 (1950)).

As a necessary component of the exhaustion of state remedies doctrine, a petitioner's claim must be "fairly presented" to the state courts before seeking relief in the federal courts. *Baldwin v. Reese*, 124 S. Ct. 1347, 1349 (2004); *Picard v. Connor*, 404 U.S. 270, 275 (1971).  It is sufficient if "the substance of a federal habeas corpus claim" be presented to the state courts, and there are instances in which "the ultimate question for disposition" will be the same despite variations in the legal theory or factual allegations urged in its support. *Picard*, 404 U.S. at 277-78.  In our Circuit, in making a determination of whether the petitioner has properly asserted both the factual and legal basis for his claim, there are four actions a petitioner can take which are significant to the determination of whether a claim has been "fairly presented:"

> (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

*McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)*(citing Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987)), *cert. denied*, 532 U.S. 958 (2001).

In the present case, Petitioner's basic claim of ineffective assistance of appellate counsel was clearly presented to the Michigan courts in his motion for relief from judgment.  Although ineffective assistance of appellate counsel was not included as a separate ground for relief (as it was later in the federal habeas Petition), it was specifically argued at length in an effort to meet the cause requirement of MCR 6.508(D)(3)(a).  As noted earlier, Defendant had argued:

Under MCR 6.508(D)(3)(a), there is good cause for not having raised these issues in a previous appeal. Specifically, Defendant was denied effective assistance of appellate counsel who failed to raise these issues. Ineffective assistance of counsel constitutes good cause for a delayed appeal. (See Brief in Support). It is also significant to note that failure to object to the reinstructions, and the failure to request the undisputed accomplice instructions were due to ineffective assistance of counsel. Since the same attorney represented the Defendant at the appellate levels, it is not surprising that the issues concerning ineffective assistance of counsel were not raised at that time.

JA at 112. Defendant's brief in support of his motion for relief from judgment relied heavily on his argument that, under both state and federal law, he was entitled to the effective assistance of appellate counsel.

Under both Mich Const 1963, Art. 1, Sec. 20 and US Const. Ams VI, XIV, a criminal defendant is entitled to the effective assistance of counsel on appeal. *Evitts v Lucey 469 US 487; 105 S Ct 830; 83 Led 2d 821 (1985); People v Wolfe, 156 Mich App 225 (1986).* Under the standards set forth in both *Strickland v Washington, supra,* and *People v Garcia, supra*, appellate counsel's failure to raise issues which would likely result in a reversal constitutes ineffective assistance of counsel.

JA at 141. The brief cited both state and federal cases for the principle that ineffective assistance of appellate counsel constitutes cause for a failure to include substantive claims of error in an appeal as of right.

With respect to satisfying the prejudice requirement of MCR 6.508(D)(3)(a), Defendant's brief stated:

In addition, the Defendant has also shown "actual prejudice" in this case. The failure of the trial court to give a cautionary instruction *sua sponte* with respect to the accomplice testimony clearly requires reversal of Defendant's conviction alone. However, this error, combined with the other errors listed in this brief clearly create a combination of trial court error requiring reversal. In combination, these errors are so offensive to the maintenance of a sound judicial process, that the conviction should not be allowed to stand. Insofar as Defendant was sentenced to a term of mandatory life without the possibility of parole, the prejudice to his case was clearly substantial.

JA at 142-43.

The Michigan trial court, the first court to consider the arguments raised in the motion for relief from judgment, held that Defendant had failed to meet the burden of proof placed on him by MCR 6.508. The trial court nevertheless proceeded to discuss the merits of Defendant's listed claims. With respect to the fourth claim, the alleged ineffective assistance of trial counsel, the court said:

The Defendant has met neither prong of the test set forth in the landmark cases of *Strickland v. Washington*, 466 U.S. 668 (1984), *People v. Pickens,* 446 Mich. 298 (1994). Failure to request an accomplice instruction doesn't amount to ineffective assistance of counsel nor does picking one strategy over another. It has long been established that reviewing courts will not find ineffective assistance in differences over tactics on what defenses and issues to raise. *People v. Stevenson*, 60 Mich. App. 6114 (1975).

JA at 147.  Both the Michigan Court of Appeals and the Michigan Supreme Court in one-line Orders denied Defendant's appeals, also for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D).

It is apparent from this record that, in his motion for relief from judgment, Defendant: (1) argued at length that ineffective assistance of appellate counsel met the cause requirement of MCR 6.508(D)(3)(a); and (2) argued briefly that a combination of the alleged listed errors met the prejudice requirement of MCR 6.508(D)(3)(a).  Defendant, however, did not specifically argue at any length the fact that appellate counsel had also been trial counsel, thus creating a conflict of interest which, in addition to being a cause for failing to include claims in the direct appeal, resulted in prejudice to Defendant.  As the District Court correctly noted, the only reference to a conflict of interest was the following sentence in Defendant's motion for relief from judgment:

> Since the same attorney represented the Defendant at the appellate levels, it is not surprising that the issues concerning ineffective assistance of counsel were not raised at that time.

JA at 234.  According to the District Court, "this reference is sufficient to fairly present this claim to the Michigan courts."  JA at 234.

Respondent disagrees.  Respondent urges us to treat the issue of ineffective assistance of counsel based on the alleged conflict of interest as a separate claim, and find that it was not "fairly presented" to the Michigan courts.  However, the constitutional claim involved – a denial of Defendant's Sixth Amendment right to the effective assistance of appellate counsel – was undeniably presented to the Michigan courts and decided against Defendant by the denial of his motion for relief from judgment.[7]  The federal law governing ineffective assistance of appellate counsel is not only firmly established, but it has been applied by the Michigan courts as "cause" to excuse a procedural default under MCR 6.508(D)(3)(a).  In *Pickens*, 446 Mich. 298, 521 N.W. 2d 797, the Michigan Supreme Court adopted the ineffective assistance of counsel standard articulated by *Strickland*.  *See also People v. Reed*, 449 Mich. 375, 535 N.W. 2d 496 (1995).  The Michigan Supreme Court has also dealt with a claim of ineffective assistance of counsel based on an alleged conflict of interest by an attorney.  In *People v. Smith*, 456 Mich. 543, 581 N.W. 2d 654 (1998), the Michigan Supreme Court held that in order to demonstrate that a conflict of interest has violated a defendant's Sixth Amendment rights, the defendant must establish that an actual conflict of interest adversely affected his lawyer's performance.  *Smith,* 456 Mich. at 556, 581 N.W. 2d at 659 (*citing Sullivan,* 446 U.S. 335).

Although the question of the alleged conflict of interest could certainly have been made in a more specific and more emphatic manner, the Michigan courts, demonstrably very knowledgeable of federal law regarding ineffective assistance of counsel and claimed conflicts of interest, were made aware of the fact that Defendant was represented by the same attorney at trial and on appeal and, to the extent that this presented a conflict of interest, it was brought to the attention of the Michigan courts. We therefore find that the claim of ineffective assistance of appellate counsel, with an alleged conflict of interest component, was fairly presented to the Michigan courts in the collateral relief proceedings.  Because Petitioner exhausted his state remedies with respect to this

---

[7]As this Court said in *Hicks v. Straub*, 377 F.3d 538, 558 n.17 (6th Cir. 2004), with reference to a petitioner's claim of ineffective assistance of appellate counsel and the denial of the petition by the Michigan courts under MCR 6.508(D):

> Petitioner did not procedurally default his claim of ineffective assistance of appellate counsel.  State collateral review was the first opportunity that petitioner had to raise this claim.  In denying petitioner's motion for relief from judgment, the state trial court decided petitioner's ineffective-assistance-of-counsel claim against petitioner – albeit without any reasoning.

claim, we may consider it on the merits. Any discussion of the procedural default and waiver issues is therefore unnecessary and would be, at best, pure dictum.

### 2. *The District Court Erred in Applying the Sullivan Standard*

As noted earlier in this opinion, the District Court proceeded directly to the Petitioner's fifth claim, the alleged ineffectiveness of appellate counsel and the claimed conflict of interest arising from the fact that Petitioner was represented on direct appeal by the same attorney who represented him at trial. After finding that this claim had been fairly presented to the Michigan courts and that, if not, a procedural default defense had been waived by the State, the District Court found that, because of the alleged conflict of interest, Petitioner had been deprived of his Sixth Amendment right to the effective assistance of appellate counsel. Recognizing that a claim of a conflict of interest, by itself, is insufficient to justify reversal of a conviction, and that a Petitioner must demonstrate that an actual conflict of interest adversely affected his lawyer's performance, the District Court granted the petition on the basis that, under *Sullivan*, "a petitioner who can show that his counsel operated under a conflict of interest which affected his representation need not establish prejudice." JA at 236. This finding is at the heart of this appeal.

#### a.  *The Strickland Standard*

There is no dispute, of course, that ineffective assistance of counsel claims are normally governed by the seminal case of *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny. The two familiar components of the *Strickland* standard were described by this Court in *Wickline v. Mitchell*, 319 F.3d 813 (6th Cir. 2003) as follows:

> Under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984), a violation of the right to effective assistance of counsel has two components:
>
> > First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
>
> *Id*. at 687, 104 S. Ct. 2052. Review of counsel's performance is highly deferential and requires that courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689, 104 S. Ct. 2052. To demonstrate that counsel's performance was deficient, a "defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688, 104 S. Ct. 2052. To establish prejudice, he "must show that there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694, 104 S. Ct. 2052.

*Wickline*, 319 F.3d at 819.

The right to the effective assistance of counsel includes appellate counsel as well as trial counsel, and in *Mapes v. Coyle*, 171 F.3d 408, 427-28 (6th Cir.), *cert. denied*, 528 U.S. 946 (1999), this Court, with reference to the first prong of *Strickland*, listed eleven questions as matters to be

considered in determining whether an attorney on direct appeal acted in accordance with the objective standard of reasonableness.[8]

In the present case, the District Court did not apply the *Strickland* standard and the *Mapes* case with its suggested list of questions. Instead, the court was of the opinion that because the same attorney acted as both trial counsel and appellate counsel, that attorney would not have raised the specific issue of his own ineffective assistance, and that this constituted a conflict of interest which adversely affected his performance as appellate counsel. The District Court, specifically relying on *Sullivan*, held:

> Defense attorneys owe their clients a duty of loyalty, including the duty to avoid conflicts of interest. *Strickland v. Washington*, 466 U.S. 668, 688 (1984) (*citing to Cuyler v. Sullivan*, 446 U.S. 335, 346 (1980)). However, a claim of a conflict of interest, by itself, is insufficient to justify reversal of a conviction. *Reedus v. Stegall*, 197 F. Supp. 2d 767, 782 (E.D. Mich. 2001) (citing to *United States v. Hall*, 200 F.3d 962, 966 (6th Cir. 2000); additional citations omitted). Instead, a habeas petitioner must demonstrate "that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'" *Reedus*, 197 F. Supp. 2d at 782 (citing to *Strickland*, 466 U.S. at 692); *See also Mickens v. Taylor*, 122 S. Ct. 1237, 1244, n.5 (2002)(actual conflict of interest, for Sixth Amendment purposes, is a conflict of interest that adversely affects counsel's performance). However, a petitioner who can show that his counsel operated under a conflict of interest which affected his representation need not establish prejudice. *Cuyler v. Sullivan*, 446 U.S. at 349-350; *Tyler v. United States*, 78 F. Supp. 2d 626, 631-632 (E.D. Mich. 1999). Instead, prejudice is presumed, in connection with an ineffective assistance of counsel claim, where a defendant demonstrates actual conflicts of interest that compromise his or her attorney's ability to advocate his or her client's interests. *Olden v. United States*, 224 F.3d 561, 565 (6th Cir. 2000)(*citing to Strickland*, 466 U.S. at 692). The right to conflict-free counsel extends to defendants who seek appellate review of their convictions. *See e.g. Pisa v. Streeter*, 491 F. Supp. 530, 532-533 (D. Mass. 1980).

JA at 235-36.

---

[8]Those questions are as follows:

(1) Were the omitted issues "significant and obvious"?
(2) Was there arguably contrary authority on the omitted issues?
(3) Were the omitted issues clearly stronger than those presented?
(4) Were the omitted issues objected to at trial?
(5) Were the trial court's rulings subject to deference on appeal?
(6) Did appellate counsel testify in a collateral proceeding as to his appeal strategy and, if so, were the justifications reasonable?
(7) What was appellate counsel's level of experience and expertise?
(8) Did the petitioner and appellate counsel meet and go over possible issues?
(9) Is there evidence that counsel reviewed all the facts?
(10) Were the omitted issues dealt with in other assignments of error?
(11) Was the decision to omit an issue an unreasonable one which only an incompetent attorney would adopt?

*Mapes*, 171 F.3d at 427-28.

b.    *The Sullivan Standard*

Petitioners claiming ineffective assistance of counsel under *Strickland* have a heavy burden of proof.  *See Lewis v. Alexander*, 11 F.3d 1349, 1352 (6th Cir. 1993).  This burden applies regardless of whether a Petitioner is claiming ineffective assistance of trial counsel or ineffective assistance of appellate counsel.  *See Munson v. Kapture*, 384 F.3d 310, 316 (6th Cir. 2004).  If, however, a petitioner's attorney had an actual conflict of interest, at least in cases involving multiple representation, a lesser standard has been applied.

In *Sullivan*'s predecessor, *Holloway v. Arkansas*, 435 U.S. 475 (1978), three defendants were represented by the same attorney.  The trial court refused to consider the appointment of separate counsel despite the defense lawyer's argument that his clients' interests were in conflict.  Under those circumstances, the defendant was deprived of the effective assistance of counsel, and no showing of prejudice was required to reverse the conviction.  The Court pointed out that a rule requiring a showing of prejudice in a joint representation case would require "unlike most cases, unguided speculation."  *Id.* at 491.  This is because in joint representation cases of conflicting interests, the evil is in what the attorney finds himself compelled to refrain from doing, not only at trial, but also as to possible pretrial plea negotiations and in the sentencing process.  Accordingly, it would be difficult, if not impossible, to determine the prejudicial impact on the defendant in such cases.

*Sullivan* was also a joint representation case but, unlike *Holloway*, there was no objection made to the trial judge concerning any conflict of interest.  Under these circumstances, the Court held that, "[i]n order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance."  *Sullivan*, 446 U.S. at 348.  The Court, citing *Holloway*, reiterated the rule that a defendant in such a case who is able to show that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief.

Subsequently, in *Strickland*, the Court recognized that, in certain Sixth Amendment contexts, prejudice is presumed.  Examples given included actual or constructive denial of the assistance of counsel altogether and various kinds of state interference with counsel's assistance.  "Prejudice in these circumstances is so likely that case-by-case inquiry into prejudice is not worth the cost." *Strickland*, 466 U.S. at 692.  The Court referred to its earlier discussion in *Sullivan* and a conflict of interest claim as involving "a similar, though more limited, presumption of prejudice."  *Id.*  It noted that the rule in *Sullivan*:

> is not quite the *per se* rule of prejudice that exists for the Sixth Amendment claims mentioned above.  Prejudice is presumed only if the defendant demonstrates that counsel "actively represented conflicting interests" and that "an actual conflict of interest adversely affected his lawyer's performance."

*Id. (quoting Sullivan*, 446 U.S. at 348, 350).

In *Mickens v. Taylor*, 535 U.S. 162 (2002), the Supreme Court revisited *Sullivan* in another alleged conflict of interest case, one in which the defendant's attorney had previously represented the victim of defendant's murder in an earlier, different proceeding.  The case was presented and argued on the assumption that the *Sullivan* standard – requiring a showing of defective performance but not requiring a showing of prejudice – was applicable not only to cases of multiple representation, but also to cases of successive representation.  Because the Court held that the judge's failure to inquire into a potential conflict of interest did not itself relieve the defendant of the burden of showing that a conflict of interest adversely affected defendant's representation, the Court did not decide whether, when an actual conflict of interest is shown, the *Sullivan*

"prophylaxis" of not requiring a showing of probable effect on the outcome of the trial applies to successive representation cases.

Of major significance to the present case was the Supreme Court's limitation on *Sullivan*. The Court pointed out that *Sullivan* had been applied by courts of appeals "unblinkingly," not only to successive representation cases, but in a variety of other cases involving alleged conflicts of interest. *Mickens*, 535 U.S. at 174. The Court noted that *Holloway* and *Sullivan* had emphasized the high probability of prejudice arising from multiple concurrent representations and the difficulty of proving that prejudice, but stressed that "[n]ot all attorney conflicts present comparable difficulties." *Id.* at 175. Whether *Sullivan* should be extended to successive representation cases "remains, as far as the jurisprudence of this Court is concerned, an open question." *Id.* at 176.

In *Moss v. United States*, 323 F.3d 445, 460 (6th Cir.), *cert. denied*, 540 U.S. 879 (2003), the Sixth Circuit noted that, "[i]n the wake of *Mickens*, no court has applied the *Sullivan* presumption to a case of successive representation."[9] Last year, in *Lordi v. Ishee*, 384 F.3d 189 (6th Cir. 2004), this Court expressly held that:

> [t]he presumed prejudice standard for ineffectiveness claims based on a conflict of interest detailed in *Cuyler v. Sullivan*, 446 U.S. 335 (1980), is inapplicable to cases of successive representations.

*Lordi*, 384 F.3d at 193. *See also Smith v. Hofbauer*, 312 F.3d 809, 817 (6th Cir. 2002)(refusing to extend *Sullivan* to an ineffective assistance of counsel claim based on an attorney's conflict of interest arising from anything other than joint representation), *cert. denied*, 540 U.S. 971 (2003); *Benge v. Johnson*, 312 F. Supp. 2d 978, 994 (S.D. Ohio 2004)(refusing to apply the *Sullivan* standard outside the concurrent joint representation context).

Based on Supreme Court and prior Sixth Circuit law, it is our opinion that the District Court erred in applying the *Sullivan* standard to Petitioner's claim of ineffective assistance of appellate counsel based on an alleged conflict arising from the same counsel representing the Defendant both at trial and on appeal. The *Sullivan* standard has been applied by the Supreme Court only in cases, like those involving multiple concurrent representation, where: (1) prejudice was obvious, *e.g.*, a denial of the assistance of counsel, or where there was a "high probability of prejudice;" and (2) it was difficult to prove that prejudice. *Mickens*, 535 U.S. at 175. Neither of these factors has any application to the rather common occurrence of trial counsel also acting as counsel on direct appeal. That situation, in itself, does not create any obvious prejudice.[10] Furthermore, there is no comparable difficulty in proving whether counsel was ineffective at the appellate level for failing to raise an ineffective assistance of trial counsel claim. Whether that claim is based on the attorney's own conduct at trial, *e.g.*, failing to object, or on the conduct of the judge or opposing counsel, the effectiveness of appellate counsel can be measured by the well-established *Strickland* standard and, in this Circuit, with the assistance of the eleven questions set forth in *Mapes*.

In addition, expanding *Sullivan* beyond its present borders of multiple concurrent representation would result in the creation of a new rule of law – one that clearly has not been dictated by prior Supreme Court precedent. The AEDPA, as previously noted, provides, in part, that

---

[9] The Court in *Moss* did apply *Sullivan*, because the facts of that case placed it outside the traditional class of successive representation cases that was considered in *Mickens*.

[10] In fact, the rules of this Court provide that trial counsel in criminal cases, whether retained or appointed by the district court, is responsible for the continued representation of the client on appeal unless specifically relieved by this Court. 6 Cir. R. 101(a).

an application for a writ of habeas corpus shall not be granted with respect to any claim "that was adjudicated on the merits in State court proceedings"[11] unless the adjudication of the claim involved an unreasonable application of "clearly established Federal law," as determined by the Supreme Court of the United States.[12]   *See* 28 U.S.C. § 2254(d)(1).  Therefore, in order for the Petitioner to establish his ineffectiveness of appellate counsel claim, he will have to show that the Michigan courts' rejection of that claim involved an unreasonable application of clearly established law, applying the *Strickland* standard as the clearly established law.  *See Williams v. Taylor*, 529 U.S. 362, 403-04 (2000).

The District Court erred by extending *Sullivan* to the facts of this case.  The District Court could not properly find that the state court's rejection of Petitioner's ineffective assistance of appellate counsel claim was an unreasonable application of the *Sullivan* standard when the *Strickland* standard, and not the *Sullivan* standard, is the clearly established law applicable to the type of conflict of interest alleged in this case.

C.       *Other Claims*

1. *Claim One*

It is, of course, undisputed that Petitioner presented his first claim, concerning the voluntariness of his statement to the police, to the state courts on direct appeal, and it was decided adversely to him.  The District Court, however, did not address the merits of this claim; instead, it ordered a new appeal on the other claims in the Petition.  On remand, the District Court shall consider the merits of this claim as its first priority.

2. *Claims Two, Three, and Four*

Petitioner's second claim (regarding testimony concerning a prosecution witness agreement), third claim (alleging ineffective assistance of trial counsel), and fourth claim (regarding the trial court's instructions to the jury), were not presented to the Michigan courts on direct appeal. Respondent alleged in her Answer to the Petition that these claims were procedurally defaulted.

The District Court, however, made no determination regarding the apparent procedural default of these claims.  It simply stated:

> Because this Court's conclusion that petitioner is entitled to habeas relief on this fifth claim is dispositive of the petition, the Court considers it unnecessary to review petitioner's other claims and declines to do so.  *See Haynes v. Burke*, 115 F. Supp. 2d 813, 819-20 (E.D. Mich. 2000); *aff'd sub nom Miller v. Straub*, 229 F.3d 570 (6th Cir. 2002); *cert. den. sub nom Burke v. Haynes*, 123 S. Ct. 996 (2003).

JA at 240.

The *Haynes* case, unlike the present case, involved just one issue – whether a guilty plea was involuntary.  The district court in that case concluded that, "in light of this Court's finding that counsel was ineffective in failing to advise petitioner of the prosecutor's right to appeal, it is

---

[11]This Court has found that, in the present case, the claim of ineffective assistance of appellate counsel, with its alleged conflict of interest component, was fairly submitted to the state courts, and was decided adversely to Petitioner.

[12]Such a rule of law must be clearly established at the time of defendant's conviction in state court. *See Miller v. Webb*, 385 F.3d 666, 672 (6th Cir. 2004).

unnecessary to address petitioner's remaining claims concerning the involuntariness of his guilty plea and this Court declines to do so." 115 F. Supp. 2d at 819-20. The reasoning of *Haynes* does not apply to this case, which involves numerous claims.

With respect to the procedurally defaulted claims, we believe that the District Court should have determined whether Petitioner can demonstrate cause for his failure to comply with the state's procedural rules and actual prejudice flowing from the alleged constitutional violation or can demonstrate that a lack of federal habeas review of the claims' merits "will resort in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).[13] While the fact that Mr. Schultz, who represented Petitioner on direct appeal, also served as Petitioner's attorney at trial might serve as cause for Petitioner's failure to assert on direct appeal any claims based on ineffective assistance of trial counsel, Petitioner must still show prejudice before the default can be excused.

V.     *SUMMARY*

We have held in this opinion as follows:

1.     Petitioner's ineffective assistance of appellate counsel claim based on the alleged conflict of interest was fairly presented to the Michigan state courts.

2.     The District Court erred in applying the *Sullivan* standard to Petitioner's ineffective assistance of appellate counsel claim. The correct standard to be applied is the *Strickland* standard.

3.     The District Court should have determined whether Petitioner can show cause and prejudice with regard to the procedurally defaulted claims (Claims 2, 3, and 4) so that this Court, on appeal, could review the District Court's judgment with regard not only to Claims 1 and 5, but also with regard to the claims that were procedurally defaulted but nevertheless potentially available for federal court review under a cause and prejudice analysis.

For these reasons, the judgment of the District Court is VACATED, and this case is REMANDED to the District Court for further proceedings in accordance with this opinion. On remand, the District Court should:

1.     Determine the merits of Petitioner's first claim – the admissibility of the allegedly involuntary statement to the police. This claim was decided adversely to Petitioner on direct appeal. It is not affected by the ineffective assistance of appellate counsel issue and the procedurally defaulted claims, nor should it have been placed in limbo by the District Court's ordering a new appeal on the other claims in the Petition.

2.     Determine whether Petitioner has established the required cause and prejudice to permit the federal courts to consider the merits of the

---

[13]Petitioner claims that the state courts denied his request for an evidentiary hearing on his claims of ineffective assistance of counsel. He repeated that request in his habeas Petition. The District Court did not consider whether he was entitled to an evidentiary hearing under the provisions of 28 U.S.C. § 2254(e)(2). In certain circumstances, no hearing is required, *see, e.g., McAdoo v. Elo*, 365 F.3d 487, 500 (6th Cir.), *cert. denied*, 124 S.Ct. 168 (2004), but this is a determination left to the District Court in the first instance.

procedurally defaulted claims set forth in the Petition as the second and fourth claims regarding alleged errors occurring during the trial. The only basis for a showing of cause in this case is the alleged ineffective assistance of appellate counsel to be determined by the *Strickland* standard.

3.     With respect to the third claim, alleging ineffective assistance of trial counsel in failing to investigate and present a diminished capacity defense and in failing to request a cautionary instruction regarding accomplice testimony, the fact that Petitioner's attorney on direct appeal had also represented him at trial may be considered as satisfying the need to show cause for a failure to raise a claim of ineffective assistance of trial counsel, but it would still be necessary to establish prejudice.

4.     Petitioner's fifth claim – alleged prejudice by ineffective assistance of appellate counsel – has been discussed above and is to be determined by application of the *Strickland* standard and the decisions of this Court, including *Mapes v. Coyle*.

## VI.     *CONCLUSION*

The judgment of the District Court is VACATED, and this case is REMANDED to the District Court for further proceedings in accordance with this Opinion.