**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-8

ERROL DUKE MOSES,

Petitioner - Appellant,

versus

GERALD J. BRANKER, Warden, Central Prison,
Raleigh, North Carolina,

Respondent - Appellee.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  William L. Osteen, Senior
District Judge.  (1:03-cv-00910-WLO)

Argued: September 25, 2007          Decided: October 23, 2007

Before MICHAEL and MOTZ, Circuit Judges, and Joseph F.
ANDERSON, Jr., United States District Judge for the District of
South Carolina, sitting by designation.

Affirmed by unpublished opinion.  Judge Michael wrote the opinion,
in which Judge Motz and Judge Anderson joined.

**ARGUED:** Shelagh Rebecca Kenney, CENTER FOR DEATH PENALTY
LITIGATION, Durham, North Carolina, for Appellant.  Steven Mark
Arbogast, Special Deputy Attorney General, NORTH CAROLINA
DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellee.  **ON
BRIEF:** Kenneth Justin Rose, CENTER FOR DEATH PENALTY LITIGATION,
Durham, North Carolina, for Appellant.  Roy Cooper, Attorney
General of North Carolina, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

MICHAEL, Circuit Judge:

Errol Duke Moses was convicted in North Carolina state court on two counts of first-degree murder and sentenced to death on each count. Moses has petitioned in federal court for a writ of habeas corpus on the grounds that he received ineffective assistance of counsel in violation of his Sixth Amendment rights during the sentencing phase of his trial. Specifically, Moses claims that his trial counsel failed to investigate readily available mitigation evidence. The district court denied the petition, and we affirm. The ineffective assistance claim advanced in the federal petition was not exhausted in state court, and Moses has not established the cause necessary to excuse the procedural default.

I.

In 1997 a jury in Forsyth County, North Carolina, convicted Moses for two murders. The first murder occurred on November 25, 1995, when Moses shot and killed Ricky Griffin, a drug dealer from whom Moses had attempted to buy drugs just hours before. The second murder occurred two months later, on January 27, 1996, when Moses gunned down Jacinto Dunkley, a drug dealer for whom Moses had worked and who owed him money.

At the sentencing hearing Moses's counsel presented mitigating testimony from three witnesses. Moses's mother

3

testified about her shortcomings as a parent, including her drug addiction while Moses was a child; her lack of parental attention, including her failure to protect Moses from a bad fall that caused a serious head injury when he was eighteen months old; and her very limited role in Moses's life after he was two years old. A clinical psychologist testified that at the time of the murders Moses suffered from a mental or emotional disorder that impaired his ability to constrain impulsive behavior. A social scientist testified that Moses was "behind the 8-ball from day one" and that the poverty and violence present in both his family environment and the urban community where he grew up left him without a "bridge to the mainstream." J.A. 348-49. The jury nonetheless recommended a death sentence for each murder, and Moses was sentenced accordingly. On direct review the North Carolina Supreme Court affirmed Moses's convictions and sentences. See State v. Moses, 517 S.E.2d 853 (N.C. 1999).

Moses thereafter initiated post-conviction proceedings, filing a motion for appropriate relief (MAR) in the state trial court. Moses's MAR included the claim that he had received ineffective assistance of counsel during the sentencing phase of his trial because his counsel had failed to call two additional witnesses, Anesha Dennis and Roxie Johnson, to offer mitigating evidence. The state trial court denied the MAR, and the North

4

Carolina Supreme Court refused to exercise discretionary review. See State v. Moses, 588 S.E.2d 380 (N.C. 2003).

Moses next filed a habeas petition in U.S. District Court. The federal petition asserted in part that the state court had unreasonably denied Moses's ineffective assistance of counsel claim. The case was assigned to a magistrate judge, who issued a recommendation that Moses's petition for habeas relief be denied for two reasons: first, Moses had not "'fairly presented' the great majority of his [sentencing phase] ineffective assistance claim to the state courts" because the claim had "moved well beyond a claim of failure to present evidence to one of a failure to investigate;" J.A. 863-64; and second, Moses would be procedurally barred under North Carolina law from raising the broader failure to investigate claim in a new proceeding. Shortly after receiving the magistrate judge's recommendation, Moses sought to assert the failure to investigate claim in state court, but the claim was denied as procedurally barred under North Carolina law. The U.S. district judge adopted the magistrate judge's recommendation to deny the habeas petition and also denied Moses's request for a certificate of appealability. We granted a certificate of appealability, allowing Moses to present two issues with respect to his ineffective assistance of counsel claim.

II.

Moses first argues that the district court erred in determining that he did not exhaust his (sentencing phase) ineffective assistance claim in the state MAR proceedings. Moses next argues that even if the district court correctly held that the claim was not exhausted, the ineffectiveness of his post-conviction counsel constitutes cause to excuse the default.

A.

As a general rule, a federal court may grant a writ of habeas corpus to a petitioner in state custody only if the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is satisfied when the petitioner has "fairly present[ed] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (citation and internal quotation marks omitted). Some variations in the factual allegations or legal theory in a federal habeas claim are permitted so long as they do not "fundamentally alter" the claim that was advanced in state court. See Vasquez v. Hillary, 474 U.S. 254, 260 (1986); see also Whiting v. Burt, 395 F.3d 602, 612-13 (6th Cir. 2005) ("[T]here are instances in which 'the ultimate question for disposition' will be the same despite variations in the legal theory or factual allegations urged in its support.") (quoting Picard v. Connor, 404 U.S. 270, 277-78 (1971)).

6

Thus, the question here is whether Moses's state MAR fairly presented the ineffective assistance claim advanced in his federal petition.

The gist of Moses's state MAR claim of ineffective assistance at sentencing was as follows: his counsel should have called two additional witnesses, Anesha Dennis and Roxie Johnson, to offer mitigating evidence. In the state MAR proceeding Moses contended that Dennis would have testified at sentencing that Moses was a loving father to their child, and Johnson would have testified that Moses was a "good grandson who provided financial assistance to her" and also "assisted her when she was sick and unable to care for herself." J.A. 390. The state MAR court rejected the ineffectiveness claim based on its determination that Moses's counsel had interviewed the two potential witnesses and made a reasonable tactical decision that they would not be good witnesses.

Moses's federal habeas petition likewise raises a claim that his counsel were ineffective in the sentencing phase. The claim in the federal petition is not limited, however, to counsel's failure to call Dennis and Johnson as mitigating witnesses. Instead, the federal petition asserts that counsel had "conducted an inadequate investigation of Petitioner's childhood background and family circumstances" and "consistently ignored important mitigation leads." J.A. 657. The petition describes in detail the

7

type of mitigating evidence that could have been presented if counsel had undertaken a full investigation of Moses's background. Attached to the petition are affidavits from seventeen persons who would have offered mitigating testimony, including a caseworker and two psychologists from the Massachusetts Department of Youth Services, two teachers from Moses's elementary school, and twelve family members, including Johnson. The petition asserted that testimony from these witnesses would have detailed the "daily horror of [Moses's] childhood home" while also portraying Moses as someone with "a life worth preserving." J.A. 661.

We agree with the district court that Moses's federal petition fundamentally alters the ineffective assistance of counsel claim he presented to the state MAR court. A failure to investigate claim necessarily depends on proof that an adequate investigation would have uncovered mitigating facts that, if presented at the sentencing hearing, would have created a reasonable probability of a different outcome. See Strickland v. Washington, 466 U.S. 668, 694 (1984). Moses's state MAR presented no facts regarding the likely results of an adequate investigation. Instead, it relied solely on trial counsel's failure to present testimony from two witnesses whom counsel had located and interviewed. This case, then, is not one in which the legal theory advanced in the federal petition merely emphasizes a different subset of the facts presented to the state MAR court. See

8

<u>Satterlee v. Wolfenbarger</u>, 453 F.3d 362, 365-66 (6th Cir. 2006) (holding that ineffective assistance claim was fairly presented when federal petition relied heavily on a fact presented, but not emphasized, in state court). Rather, Moses's new theory on counsel's failure to investigate mitigation evidence for sentencing requires the presentation of a set of facts not introduced in the state MAR proceeding. For this reason we conclude that the ineffectiveness claim in Moses's petition was fundamentally different than the one presented to the state court.

Moses argues that various references in the state MAR to his counsel's failure to develop the mitigation record at sentencing demonstrate that the failure to investigate claim was fairly presented to the state court. We disagree. The failure to develop references in the state MAR relate specifically to counsel's failure to develop the mitigating testimony that Dennis and Johnson could have offered. These references cannot be read as advancing any claim about counsel's failure to conduct a broader investigation for potential mitigating witnesses. Moreover, Moses failed in the state MAR proceeding to present any evidence to demonstrate what the probable results of an adequate investigation would have been.

For these reasons we conclude that the district court did not err in holding that Moses failed to exhaust in state court the

ineffective assistance of counsel claim now presented in his federal habeas petition.

B.

A federal court may consider an unexhausted habeas claim if the petitioner can establish cause and prejudice to excuse the default. Longworth, 377 F.3d at 447-48. Moses contends in the alternative that the ineffectiveness of his post-conviction (MAR) counsel constitutes cause for any default on his part. This argument, however, is foreclosed by our decision in Mackall v. Angelone, 131 F.3d 442 (4th Cir. 1997), which holds that the ineffectiveness of post-conviction counsel cannot constitute cause to excuse a procedural default. Id. at 449.

Moses's counsel sought at oral argument to distinguish Mackall by arguing that Moses's case presented exceptional circumstances that required the state to provide effective post-conviction counsel. See United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) (citing Gagnon v. Scarpelli, 411 U.S. 778, 788 (1973), a probation revocation case, for the proposition that in "some exceptional cases due process does mandate the appointment of counsel for certain postconviction proceedings"). Counsel asserted several reasons why Moses's case qualified as exceptional, including that Moses was represented by the same counsel at trial and on direct appeal, that counsel appointed to represent him in the state MAR proceeding lacked substantial experience in such

10

proceedings, and that North Carolina law barred him from filing the MAR without the assistance of counsel.  Even if we assume that Mackall gives way to exceptional circumstances, we conclude that Moses did not face such circumstances in his state MAR proceeding. Moses, like the petitioner in Mackall, was restricted by a state law that in most cases bars a habeas petitioner from raising a claim for ineffective assistance of trial counsel prior to the post-conviction habeas proceeding.  131 F.3d at 449.  And, as noted above, we held in Mackall that there was no constitutional right to counsel in the state post-conviction proceeding.  Id.  Moreover, Moses's defaulted claim is a straightforward one: that his trial counsel failed to adequately investigate mitigating circumstances for sentencing.  We therefore see no basis for holding that Moses's MAR case presented exceptional circumstances that would trump the Mackall rule.

* * *

The judgment of the district court denying Errol Duke Moses's petition for a writ of habeas corpus is

AFFIRMED.

11